UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-11757 FMO (BFM) Date: October 15, 2026

Title Dimas De Leon Rios v. R. Piercy

Present: The Honorable: **Fernando M. Olguin, United States District Judge**

| Vanessa Figueroa | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers): Order Denying Petitioner's Motion for Expedited Temporary Restraining Order and Referring Matter to Magistrate Judge (Dkt. No. 1)**

On October 5, 2026, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, which included a motion for an expedited temporary restraining order ("TRO") or preliminary injunction. (Dkt. No. 1.) Petitioner's projected release date from federal prison is December 14, 2028. (Id. at 2.) Petitioner brings this habeas action because he alleges that "he is entitled to Prerelease Custody under the Second Chance Act (SCA) and that he has reasonably relied on the [Bureau of Prisons' ("BOP")] Statement concerning his release date." (Id. at 2-3.)

Petitioner's habeas claim "concerns the BOP's refusal to transfer him to Prerelease Custody entirely." (Id. at 3.) Petitioner's prerelease custody allegedly was denied because Petitioner has an immigration detainer. (Id.) Petitioner is subject to a final order of removal. (Id. at 2.) Petitioner argues that the denial of prerelease custody lacked an "individualized review" and that, although his immigration status might bar him from accruing earned time credits, it does not bar him from prerelease custody. (Id. at 8.) Petitioner seeks a temporary restraining order or a preliminary injunction "because he should have already been transferred to Prerelease Custody in his community, and such a transfer would not burden or harm Respondent." (Id. at 13.)

Federal Rule of Civil Procedure 65 provides courts with the authority to issue preliminary injunctions and TROs. See Fed. R. Civ. P. 65(a) & (b). The purpose of a preliminary injunction "is to preserve the status quo and the rights of the parties until a final judgment" on the merits can be rendered, see U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010), while the purpose of a TRO is to "preserv[e] the status quo and prevent[ ] irreparable harm just so long as is necessary to hold a hearing" for the preliminary injunction. Reno Air Racing Ass'n., Inc. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-11757 FMO (BFM) Date: October 15, 2026

Title Dimas De Leon Rios v. R. Piercy

McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty., 415 U.S. 423, 439, 94 S.Ct. 1113, 1124 (1974)). The standards for a TRO and a preliminary injunction are the same. See Stuhlbarg Int'l Sales Co., Inc. v John D. Brush and Col, Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001); NML Capital, Ltd. v. Spaceport Sys. Int'l, L.P., 788 F.Supp.2d 1111, 1117 (C.D. Cal. 2011) (same). "Like a preliminary injunction, a temporary restraining order is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.' " Six v. Newsom, 462 F.Supp.3d 1060, 1067 (C.D. Cal. 2020) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S. Ct. 365, 376 (2008)).

A petitioner seeking a preliminary injunction or TRO must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter, 555 U.S. at 20, 129 S.Ct. at 374. Under the Ninth Circuit's "sliding scale" approach, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." Id. The last two Winter factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435, 129 S.Ct. 1749, 1762 (2009).

Petitioner has not shown that is entitled to the expedited relief he requests. In the first place, Petitioner has not shown a likelihood of success on the merits because the court lacks the authority to grant the relief he requests, which is an order for immediate prerelease custody under the Second Chance Act ("SCA"). See Noya-Rodriguez v. B. Birkholz. 2024 WL 3009317, at *1 n.1 (C.D. Cal. May 10, 2024) ("[T]he Court lacks authority to order the BOP to place [Petitioner] in [a residential reentry center] under the Second Chance Act.") (citing Jones v. Gutierrez, 2021 WL 2877458, at *9 (C.D. Cal. May 28, 2021) (the only relief a habeas court may grant under the SCA is an order for individualized consideration of placement in a residential reentry center in accordance with applicable laws) (collecting cases)); see also Jiminez v. Warden, 2025 WL 1233199, at *4 (D. Conn. Apr. 29, 2025) ("As pre-release custody 'placement under the SCA is within the sole discretion of BOP[,]' Petitioner has no right to relief for a court order requiring her release to community placement or home confinement under the SCA.") (citing cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-11757 FMO (BFM) Date: October 15, 2026

Title Dimas De Leon Rios v. R. Piercy

Even if it assumed that the court does have the authority to grant the requested relief, Petitioner still has not shown a likelihood of irreparable harm. Petitioner's request for relief under the SCA is premature. Petitioner's projected release date, as noted above, is December 14, 2028. (Dkt. No. 1 at 2.) But the maximum period of placement under the SCA is twelve months. See 18 U.S.C. § 3624(c)(1). Thus, Petitioner's placement would commence, at the earliest, on December 14, 2027. Petitioner therefore has not shown that he will suffer immediate and irreparable harm before Respondent is afforded an opportunity to be heard. See Marquez v. Washington, 2025 WL 1194997, at *2 (M.D. Alabama, Apr. 24, 2025) (denying TRO under the SCA where more than 12 months remained before the prisoner's eligibility for placement in a residential reentry center).

For these reasons, Petitioner's request for an expedited temporary restraining order or preliminary injunction is denied. (Dkt. No. 1 at 1, 13.) The matter is referred to the Magistrate Judge for further proceedings.

| | |
|---|---|
| | 00:00 |
| **Initials of Preparer** | vdr |